[Cite as *State v. Contreras-Chavez*, 2015-Ohio-4609.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 26650 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-3821 |
| | : | |
| MARTIN CONTRERAS-CHAVEZ | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 6th day of November, 2015.

. . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P.O. Box 291771, Kettering, Ohio 45429
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Upon the filing of an *Anders* brief in this case, we are asked to decide whether the record indicates any potential assignments of error having arguable merit. We agree with Appellant's counsel that none exist.

{¶ 2} On August 6, 2015, appellate counsel for Martin Contreras-Chavez filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he could not find a potential assignment of error having arguable merit. On August 12, 2015, Contreras-Chavez was granted 60 days to file a pro se brief assigning any errors for review by this court. He did not file a brief. Contreras-Chavez communicates in Spanish, his native language. During all pertinent times in these proceedings, Contreras-Chavez has been provided with the assistance of a Spanish language interpreter. As indicated above, we find no potential assignment of error having arguable merit. Accordingly, the judgment of the trial court will be affirmed.

{¶ 3} On November 12, 2014, Contreras-Chavez was indicted for the offense of Possession of Heroin in an amount that equaled or exceeded 50 grams but was less than 250 grams, a felony of the first degree. On December 8, 2014, he filed a motion to suppress statements. The trial court then held an evidentiary hearing on January 30, 2015. Prior to that, a Spanish language interpreter was appointed on November 30, 2015, to assist Contreras-Chavez's trial counsel in preparing his defense. Such assistance has continued during this appeal.

{¶ 4} At the suppression hearing, the State presented testimony from Detective Delrio, who interviewed Contreras-Chavez regarding the Possession of Heroin charge. Delrio testified that he communicated with Appellant in Spanish, as Delrio was born in

Mexico and exclusively spoke Spanish at home. Delrio also tested out of three years of Spanish courses in college and took one year to fulfill his language requirement. Over the past 22 to 23 years, Delrio has conducted approximately 24 interviews per year as a Dayton Police Officer. He has also been a sworn officer with the Drug Enforcement Administration for the past 15 years and a Homeland Security Investigations officer for 4 to 5 years.

{¶ 5} During his interview with Contreras-Chavez, Delrio used a Dayton police Spanish language interview form that included Miranda rights with a rights waiver at the bottom. The entire document was in Spanish. Delrio testified how he thoroughly reviewed the Miranda rights with Contreras-Chavez in Spanish. He also described the manner that Contreras-Chavez repeatedly initialed the form at each right. Specifically, Delrio read each right out loud and Contreras-Chavez indicated his understanding of the right before initialing. Likewise, Delrio testified how Contreras-Chavez finally signed the bottom of the document to indicate his waiver.

{¶ 6} Delrio described the tenor and circumstances of the twenty to thirty minute interview as formal and without any threats, promises, or undue influence. Delrio also recalled speaking to Contreras-Chavez in a normal, conversational tone. After hearing the testimony and determining that Delrio's testimony was credible, the trial court found that:

> The Defendant was advised of his Miranda rights prior to the questioning and he was advised in Spanish. It's documented by this pre-interview form which the Defendant did sign. The Court further finds that Defendant knowingly and voluntarily waived his right to remain silent

and agreed to make a statement. The motion of the Defendant is overruled.

Suppression Hearing Trans. (Jan. 30, 2015), p. 35.

{¶ 7} Appellant's counsel suggested a sole potential assignment of error that the trial court failed to find that Contreras-Chavez "intelligently" has waived his right to remain silent. However, we note that the trial court did address this issue in its decision when it stated that:

In this case, the Defendant is a middle-aged person. There was no evidence of his prior experience with the criminal justice system. He does not have much education. * * * Although [the Defendant] has only six years of education, he is 37 years old. There is no indication he is unintelligent. He's a middle-aged person. So he never indicated that he did not understand his rights, did not understand a waiver.

Suppression Hearing Trans. at 33-34.

{¶ 8} Accordingly, the record reveals no non-frivolous issue supporting a potential assignment of error that Appellant's statements were not voluntarily, knowingly, and intelligently made based upon the totality of the circumstances.

{¶ 9} Contreras-Chavez entered a plea of no contest and was found guilty. The trial court indicated at the change of plea hearing that Contreras-Chavez would receive a three-year sentence. The trial court imposed the minimum sentence on March 31, 2015. The court then entered an amended entry waiving the mandatory fine on April 7, 2015.

{¶ 10} Under *Anders v. California*, we have an independent duty to review the record to determine if there are any potential assignments of error having arguable merit.

The court has reviewed the entire record including the transcripts of the motion to suppress, plea hearing, and sentencing. We find no potential assignments of error having arguable merit. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Carley J. Ingram
J. David Turner
Martin Contreras-Chavez
Hon. Timothy N. O'Connell